IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------x
                                                      :
In re:                                                :    Chapter 11
                                                      :    Case No. 07-10562 (BLS)
PAC-WEST TELECOMM, INC., et al.,                      :    (Jointly Administered)
                                                      :
                                                      :
            Debtors.                                  :    Hearing: July 10, 2007 at 2:00 p.m.
                                                      :    Objections Due: July 2, 2007 at 4:00 p.m.
------------------------------------------------------x

## APPLICATION FOR ENTRY OF AN ORDER APPROVING THE *NUNC PRO TUNC* EMPLOYMENT AND RETENTION OF CHANIN CAPITAL PARTNERS AS FINANCIAL ADVISOR FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS

The Official Committee of Unsecured Creditors (the "Creditors' Committee") appointed in the Chapter 11 cases Pac-West Telecomm, Inc. and its affiliated entities (collectively, the "Debtors" or "Company"), by and through its co-chairpersons, respectfully submits this application (the "Application") for the entry of an Order, pursuant to Section 1103(a) of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), authorizing the *nunc pro tunc* employment and retention of Chanin Capital Partners LLC ("Chanin") as financial advisor, effective as of May 11, 2007. In support of the Application, the Creditors' Committee also submits the affidavit of Brent Williams, annexed hereto as Exhibit A (the "Williams Affidavit"), and respectfully represents as follows:

## BACKGROUND

1. On April 30, 2007 (the "Petition Date"), the Debtors filed voluntary petitions with this Court seeking Chapter 11 relief. As of the date of this Application, the Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to Bankruptcy Code Sections 1107(a) and 1108.

2. On May 9, 2007, the United States Trustee appointed the following seven creditors to the Creditors' Committee pursuant to Bankruptcy Code Section 1102: (a) AT&T (Bell South/SBC); (b) The Bank of New York; (c) Curtiswood Capital, LLC; (d) Kutir Corporation; (e) SMH Capital Advisors, Inc.; (f) Verizon Communications Inc. (Verizon/MCI) (Co-Chair); and (g) Wells Fargo Bank, N.A. (Co-Chair). On or around May 11, 2007, the Creditors' Committee selected Chanin to serve as its financial advisor in these Chapter 11 cases.

## JURISDICTION

3. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## RELIEF REQUESTED

4. Pursuant to this Application, the Creditors' Committee seeks authority authorizing Chanin to perform those financial advisory services that will be necessary during the Debtors' Chapter 11 cases as more fully described below.

5. The Creditors' Committee selected Chanin because of its diverse experience and extensive knowledge in corporate restructuring and bankruptcy matters, and believes Chanin is well qualified to represent the Creditors' Committee in the Cases.

## SERVICES TO BE RENDERED

6. The Committee anticipates that Chanin may render the following services in these cases:

(i) Analyze and evaluate the liquidity position, assets and liabilities, and financial condition of the Debtors;

(ii) Review and analyze the financial and operating statements of the Debtors;

(iii) Review and analyze the Company's business and financial projections, including, but not limited to, cash flow projections and budgets, cash receipts and disbursement analyses, analyses of various asset and liability accounts, intercompany transactions, and operating results;

(iv) Determine a theoretical range of values for the Company on a going concern basis;

(v) Assist the Committee in identifying and evaluating candidates for the potential investment in or acquisition of the Company;

(vi) Analyze proposed sales of assets of the Debtors, the terms thereof and options and issues relating thereto, including strategic alternatives available to the Debtors;

(vii) Review, analyze and monitor the DIP financing and other financing alternatives, including, but not limited to review of borrowing base calculations and financial covenants;

(viii) Advise the Committee on tactics and strategies for negotiating with the Company and other purported stakeholders;

(ix) Determine a theoretical range of values for any securities to be issued or distributed in connection with the Chapter 11 case, including without limitation, any securities to be distributed under a plan of reorganization;

(x) Advise and assist the Committee in the Committee's review and analysis of the Debtors' business plan;

(xi) Advise and assist the Committee in the Committee's review and analysis of all Plans;

(xii) Assist with a review of the Debtors' short-term cash management procedures and monitoring of cash flow;

(xiii) Provide testimony, including without limitation expert testimony, as necessary, in any proceeding before the bankruptcy Court; and

(xiv) Provide the Committee with other appropriate general restructuring advice.

7. Subject to this Court's approval of the Application, Chanin is willing to serve as the Creditors' Committee's financial advisor and to perform the services described above.

8. The Creditors' Committee believes that it is necessary to employ a financial advisor to render professional services to the Creditors' Committee as described above so that the Creditors' Committee may properly fulfill its duties under the Bankruptcy Code. Further, the Creditors' Committee believes that Chanin is well qualified to handle the financial advisory work required in these Chapter 11 cases.

## CHANIN'S CONNECTIONS IN THESE CASES

9. The co-chairpersons of the Creditors' Committee have reviewed the Williams Affidavit, including all of the "connections" (as such term is used in Bankruptcy Rule 2014(a)) to these cases disclosed therein.

10. Notwithstanding any such connections, the Creditors' Committee believes that Chanin is a disinterested person, and does not hold or represent an interest adverse to the Debtors' estates with respect to the matters for which Chanin is to be employed, as required by Section 328(c) of the Bankruptcy Code.

## CHANIN COMPENSATION

11. Chanin proposes to render its services on a monthly fee basis according to the terms of the engagement letter (the "Engagement Letter"), a copy of which is attached hereto as <u>Exhibit B</u>. Pursuant to the terms of the Engagement Letter, Chanin will receive a cash fee of $75,000 per month (the "Monthly Fees") for the first 3 months of the engagement and $50,000 per month thereafter. Chanin shall also be entitled to monthly reimbursement of reasonable out-of-pocket expenses incurred in connection with the services to be provided under the Engagement Letter. Out of pocket expenses shall include, but shall not be limited to all reasonable travel expenses, computer and research charges, attorney fees, messenger services and long-distance telephone calls incurred by Chanin in connection with the services to be provided to the Committee. The Monthly Fees and expenses shall be paid subject to application for and allowance by the Court.

WCSR 3624743v1

12. Chanin will maintain detailed records of fees earned and expenses incurred in connection with the rendering of the financial advisory services described above, in accordance with applicable rules and guidelines.

13. The Committee has been advised by Chanin that it is not the general practice of investment banking firms to keep detailed time records similar to those customarily kept by attorneys. Chanin's restructuring professionals do as a practice, and in the Debtors' cases will as a practice, keep time records detailing and describing their daily activities, the identity of persons who performed such tasks and the amount of time expended on a daily basis.

14. In addition, apart from the time recording practices described above, Chanin's restructuring personnel do not maintain their time records on a "project category" basis. The Committee submits that the detailed time descriptions that Chanin's restructuring personnel will provide should be sufficient for any review of the time entries in connection with a subsequent application for compensation. Consequently, the Committee requests that Chanin be authorized to file fee applications in accordance with the foregoing time recording practices, and that the information requirements imposed by Del.Bank.LR 2016-2 be waived accordingly.

15. Pursuant to Section 328(a) of the Bankruptcy Code, the Creditors' Committee may retain its financial advisor pursuant to reasonable terms and conditions. The Creditors' Committee believes that the Monthly Fees and expense policies of Chanin, which are applied to other Chanin clients, all as specifically described above, constitute fair and reasonable terms and conditions for the retention by the Creditors' Committee of Chanin as financial advisor in accordance with Section 328(a) of the Bankruptcy Code.

16. The Creditors' Committee requests that Chanin be allowed compensation for its services and reimbursement for its expenses in accordance with Sections 328 of the

6
WCSR 3624743v1

12. Chanin will maintain detailed records of fees earned and expenses incurred in connection with the rendering of the financial advisory services described above, in accordance with applicable rules and guidelines.

13. The Committee has been advised by Chanin that it is not the general practice of investment banking firms to keep detailed time records similar to those customarily kept by attorneys. Chanin's restructuring professionals do as a practice, and in the Debtors' cases will as a practice, keep time records detailing and describing their daily activities, the identity of persons who performed such tasks and the amount of time expended on a daily basis.

14. In addition, apart from the time recording practices described above, Chanin's restructuring personnel do not maintain their time records on a "project category" basis. The Committee submits that the detailed time descriptions that Chanin's restructuring personnel will provide should be sufficient for any review of the time entries in connection with a subsequent application for compensation. Consequently, the Committee requests that Chanin be authorized to file fee applications in accordance with the foregoing time recording practices, and that the information requirements imposed by Del.Bank.LR 2016-2 be waived accordingly.

15. Pursuant to Section 328(a) of the Bankruptcy Code, the Creditors' Committee may retain its financial advisor pursuant to reasonable terms and conditions. The Creditors' Committee believes that the Monthly Fees and expense policies of Chanin, which are applied to other Chanin clients, all as specifically described above, constitute fair and reasonable terms and conditions for the retention by the Creditors' Committee of Chanin as financial advisor in accordance with Section 328(a) of the Bankruptcy Code.

16. The Creditors' Committee requests that Chanin be allowed compensation for its services and reimbursement for its expenses in accordance with Sections 328 of the

Bankruptcy Code and Bankruptcy Rule 2016, upon submission of appropriate applications therefor in compliance with all applicable orders, rules and guidelines, subject to the review and approval of this Court.

**CONCLUSION**

**WHEREFORE**, the Creditors' Committee respectfully requests that the Court enter the Order annexed hereto as Exhibit C approving the Creditors' Committee's *nunc pro tunc* engagement and retention of Chanin as financial advisor, effective as of May 11, 2007, and that the Court grant the Creditors' Committee such other and further relief as it deems just and proper.

Dated: Boston, Massachusetts
June 5, 2007

Respectfully submitted,

VERIZON COMMUNICATIONS INC.

By: */s/ William G. Cummings*
    Name: William G. Cummings
    Title: Director-Special Assets Partner Solutions

CO-CHAIR OF THE OFFICIAL COMMITTEE
OF UNSECURED CREDITORS

WELLS FARGO BANK, N.A.

By: */s/ Julie J. Becker*
    Name: Julie J. Becker
    Title: Vice President

CO-CHAIR OF THE OFFICIAL COMMITTEE
OF UNSECURED CREDITORS